DETERMINED IN THE

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

October, 1877.

---

## JOSEPH WIRGES, APPELLANT, v. LOUIS BAEUERLE, IMPLEADED WITH JACOB MEYER, ETC., RESPONDENT.

*Alteration of written instrument — when it need not be pleaded as a defense.*

The complaint in this action alleged that a contract was entered into between the plaintiff and defendant, by which the former agreed to build a house upon the land of the latter in accordance with specifications therein named; that the work had been fully performed in accordance therewith, and that a portion of the amount to be paid therefor still remained due and unpaid. The defendant admitted the making of a contract similar to the one alleged in the complaint, but alleged that it contained provisions not therein set forth, and that in these respects it had not been complied with, and set up a counter-claim for damages. A reply was interposed setting up a general denial.

Upon the trial the defendant produced what purported to be the contract, which, upon being shown to the plaintiff, was pronounced a forgery. Plaintiff then offered to prove that after the execution of the contract the defendant made material alterations in it and, among others, inserted the provisions which it. was claimed had not been complied with. This evidence was rejected on the ground that the alterations should have been alleged in the complaint or reply. *Held*, that this was error, and that the evidence was admissible under the issues raised by the pleadings.

APPEAL from a judgment in favor of defendant Baeuerle, entered upon a nonsuit ordered at the Onondaga Circuit in March, 1877.

The action was on contract for the recovery of a balance of money due for erecting a building in Syracuse. The complaint alleged that, in June, 1875, plaintiff and defendant Jacob Meyer entered into a

written contract with defendant Baeuerle to erect and complete, according to the specifications therein named, a building on Baeuerle's premises, for which work Baeuerle agreed to pay plaintiff and Meyer $1,000; that the contract was signed by all parties and delivered to and held by Baeuerle; that plaintiff and Meyer completed the building according to the specifications; that there have been paid thereon $755, and the balance was due; that Meyer declined to join as plaintiff, and was, therefore, made defendant. The defendant Baeuerle answered, admitting the making of a contract similar to one alleged in complaint, but containing provisions not therein set forth, and alleged that the work was not properly done, nor completed in certain named particulars, which by the terms of the contract were to be done, and counter-claimed damages. The reply was a general denial.

On the trial, plaintiff being on the stand as a witness in his own behalf, the counsel of defendant Baeuerle, upon notice from plaintiff, produced a contract which, the witness testified, was the original paper that was written on; that he signed it, and also the other parties, and in answer to the question, " Is that the original contract?" replied, " No, sir; this contract is forged." The plaintiff then offered to prove that, after the execution of the contract and the entering of the parties upon its performance, the defendant, without the knowledge or consent of the plaintiff, fraudulently altered the contract by inserting certain expressions, naming them, being of a material character, and being matters in regard to which defendant claimed the contract was not performed, and that, aside from such alterations, the contract had been fully performed. To this defendant objected as not admissible under the pleadings, claiming that the alterations should have been set out in the complaint or reply.

The objection was sustained and plaintiff excepted. The plaintiff also offered to show that they had fully kept and performed all the provisions of the contract as agreed upon by the parties. Same objection, ruling and exception was made. The contract produced was put in evidence; no further evidence was given; a nonsuit was ordered and plaintiff excepted.

*E. W. Hunt*, for the appellant.

*Fuller & Vann*, for the respondent.

MERWIN, J.:

In this case the plaintiff claimed that after the contract was executed by all the parties and entered upon, and left in the custody of the defendant, the defendant, without the knowledge or consent of plaintiff, fraudulently inserted material alterations going to the right of plaintiff to recover.

Such alterations, of course, were not a part of the original contract as made between the parties, and which the plaintiff had sued on. The only question in the case is, whether the plaintiff could give proof of such alterations without having alleged them in his complaint or reply.

The complaint alleged a written contract deposited with defendant. The plaintiff is presumed to have known how the original was; he is not presumed to know what alterations the defendant had afterwards inserted. He had a right to suppose it would remain intact. He could not, therefore, be reasonably called upon to investigate as to its condition, or speculate as to its additions or alterations before he brought suit on it. On coming to the trial, the contract being in writing, must itself be produced, or its loss or destruction shown. If lost or destroyed, then its contents could be proved by secondary evidence, although no allegation of loss or destruction was in the complaint. (*Board, etc.*, v. *White*, 30 Barb., 72; Van Sant. Pl. by Moak, 369.) The contract is in the hands of defendant; he produces it upon notice, and then plaintiff in effect claims it has been materially altered, in fact a forgery. If its loss or destruction could be proved without allegation in complaint, why not that which is tantamount to such destruction as far as plaintiff's rights are concerned, especially when it is done, or claimed to have been done, while the paper is in the hands of the defendant? Ordinarily, if on the production of an instrument, it appears to have been altered, it is incumbent on the party offering it to explain (1 Greenl. Ev., § 564), but that hardly reaches the present case. It is here a question of pleading. No authorities are cited bearing upon the question. The most analogous principle that now occurs to me is the one applicable to defenses of forgery, which includes material alterations to the party's injury. Such defenses are admissible under a general denial. (*Booth* v. *Powers*, 56 N. Y 22, 29, 33; *Boomer* v. *Koon*, 6 Hun, 645; 1 Chit. Pl.,

519.) In other words, the party seeking the benefit of the provisions of an instrument, is expected to be prepared to meet such claims without specific notice.

Here defendant claimed the benefit of certain conditions precedent in a contract in his hands. Under the above principle he must be prepared to meet the charge of forgery in regard thereto, although not set up. Had the question arisen on the issue on defendants' counter-claim, there is no doubt that under the general denial of the reply, the evidence would have been admissible. I think the same rule should apply when it became necessary for plaintiff to meet the same questions, in order to get rid of the apparent conditions precedent.

The issue was, what was the contract? The defendant, by altering it, could not evade its obligations, or avoid the action. If plaintiff was bound to allege any alterations, he would have to allege as well those made the day before the trial as those made the day after he entered on the performance.

The evidence, I think, should have been admitted.

It follows the judgment should be reversed and new trial granted, costs to abide event.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment reversed and new trial granted, costs to abide event.